IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRIAN WARD, PRO SE,<br>TDCJ-CID No. 1426930,<br>Previous TDCJ-CID No. 1057527,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT TAYLOR, Chief of the Amarillo<br>    Police Department,<br>CAROLINE WOODBURN, District Clerk,<br>RANDALL C. SIMS,<br>    Amarillo District Attorneys Office,<br>Warden NFN SLOAN, and<br>C. WADE OVERSTREET,<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § | 2:10-CV-0221 |

**REPORT AND RECOMMENDATION TO REVOKE PAUPER STATUS AND
OPPORTUNITY TO PAY FILING FEE**

Plaintiff BRIAN WARD, acting pro se and while a prisoner confined in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-named defendants. Plaintiff was granted permission to proceed *in forma pauperis* in accordance with 28 U.S.C. § 1915.

Historically, courts have never been bound by a plaintiff's economic status on the filing date of a lawsuit but could re-evaluate a litigant's eligibility for pauper status where changes in his financial condition occurred during the pendency of suit. *Carter v. Telectron, Inc.*, 452 F.Supp. 939, 942 (S.D.Tex. 1976). Thus, if the allegation of poverty was determined to be no longer true because of a subsequent improvement in the economic status of the plaintiff, it was within the discretion of the district court to dismiss the proceeding or require that the costs of litigation to date be paid by the plaintiff in lieu of dismissal. *Id.* Nothing in the Prison Litigation Reform Act (PLRA) eliminated the power of the courts in this regard.

"Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F.Supp. 283, 288 (E.D.Mo. 1992). The passage of the Prison Litigation Reform Act (PLRA) was effected, in part, "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir. 1996)(quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). Thus, the goals of section 1915 were modified by passage of the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. *See*, 28 U.S.C. § 1915(g). It logically follows that re-evaluation of a plaintiff's pauper status is appropriate where information comes to light showing he is or has been an abusive litigant who is no longer eligible to proceed in forma pauperis.

Plaintiff WARD has sustained at least three dismissals which fulfill the "three strikes" provision of the PLRA. Cause No. 5:10-CV-0666 was dismissed by the United States District Court for the Western District of Texas, San Antonio Division, on September 20, 2010, as frivolous, for failure to state a claim and for seeking monetary relief from immune defendants, and no appeal was taken; Cause No. 4:10-CV-2890 was dismissed by the United States District Court for the Southern District of Texas, Houston Division, on October 14, 2010, as frivolous, and no appeal was taken; Cause No. 4:10-CV-3395 was dismissed for frivolousness by the United States District Court for the Southern District of Texas, Houston Division, on October 20, 2010, and no appeal was taken; Cause No. 4:10-CV-3401 was dismissed by the United States District Court for the Southern District of Texas, Houston Division, on October 13, 2010, for failure to state a claim on which relief may be granted, and no appeal was taken; and Cause No. 5:09-CV-826 was dismissed as frivolous and for failure to state a claim by the United States District Court for the Western District of Texas, San Antonio Division, on November 19, 2009, and no appeal was taken.

Pursuant to Title 28, United States Code, section 1915(g), the Court FINDS plaintiff BRIAN WARD may not proceed in forma pauperis in any further new filings or appeals filed while a prisoner unless grounds are argued in a motion for leave which fall within the limited exception enumerated in Title 28, United States Code, section 1915 (g). Even if this cause were accompanied by the necessary motion, the grounds presented in the instant suit do not show imminent danger of serious physical injury. Plaintiff has alleged no fact fulfilling the statutory exception as construed by the Fifth Circuit. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Because plaintiff has already sustained "three strikes" and can no longer avail himself of the provisions for proceeding in forma pauperis, it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that plaintiff's pauper status be REVOKED and that the instant cause be dismissed for failure to pay the requisite filing fee.

Plaintiff is advised that if he pays the remaining filing fee within <u>fourteen (14) days after the filing date hereof</u>, this Report and Recommendation of dismissal will be withdrawn; plaintiff's improperly-joined claims will be severed into three additional lawsuits; and plaintiff will be required to pay the filing fee in each of those cause numbers as well before proceeding in them.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of December, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).